## Commonwealth v. Karas

*Edward G. Biester*, district attorney, for Commonwealth.

*Theodore Kline*, for defendant.

BOYER, J., February 5, 1940.—The above defendant was charged before a justice of the peace with violation of The Vehicle Code. Upon arrest under a warrant issued on failure to appear before the justice in accordance with notice given, defendant waived a hearing and gave bail to appear before this court for trial. The case being called for trial, defendant's counsel moved that defendant be discharged without the taking of testimony on the ground that his arrest was illegal and that the hearing before the justice was waived under duress of the said arrest.

Briefly, the facts are as follows: What purported to be an information against defendant was lodged before

a justice of the peace on September 12, 1939, charging him with the above offense alleged to have been committed on September 4, 1939. The justice mailed to defendant a notice, dated September 11, 1939, a portion of which reads as follows:

"You are hereby notified that if you do not voluntarily appear at my office at 112 Bellevue Ave., South Langhorne, Bucks Co., Pa., on the 16th day of September, 1939, at 1:30 o'clock p.m., said date being within ten days after the date of this notice, a warrant for your arrest shall be served as provided by law.

"Witness my hand and seal this 11th day of September, 1939."

Attached thereto was what purported to be a copy of the information, but which in fact differs very materially from the information actually lodged. Defendant not appearing on September 16, 1939, as required in the notice, a warrant dated September 25, 1939, was issued to a constable, whereupon defendant was arrested and taken before a justice of the peace of Montgomery County before whom he waived a hearing and gave bail to appear in this court.

It is the contention of defendant that the warrant was illegally issued and that the arrest thereunder was illegal, inasmuch as the proceedings before the issuing of the warrant were not in accord with section 1202 of The Vehicle Code of May 1, 1929, P. L. 905, as amended by the Act of June 29, 1937, P. L. 2329. While there were many other serious defects in the proceeding before the justice, particularly as to the information, the above is the only question raised before us. The pertinent portions of the act in question are as follows:

". . . the magistrate shall send by registered mail, to the person charged, at the address shown by the records of the department, a notice in writing of the filing of the information, together with a copy thereof and a notice to appear within ten (10) days of the date of the written notice.

"1. If the person named in the information shall not voluntarily appear within ten (10) days of the date of the written notice, a warrant shall *then* issue and may be served by a peace officer . . .".

The above-quoted portion of the act has never been construed in any reported case which has come to our attention. However, in the case of Commonwealth v. Davis, September term, 1938, in the Court of Quarter Sessions of Chester County, Pa., an opinion was filed by Judge Ernest Harvey, passing upon this identical question. That court held that a notice similar to the one in this case, where defendant was notified to appear on a day certain, being within 10 days of the date of the notice, was not in compliance with the requirements of the act; that the defect was jurisdictional; that a warrant issued upon defendant's failure to appear was illegal, and that defendant's waiving a hearing and giving a bond for his appearance at court was not a waiver of the defects in the proceedings before the justice of the peace. We are entirely in accord with the reasoning and conclusions of that learned court.

It is the contention of the Commonwealth that, under the provisions of the act above quoted, the justice of the peace has the power to fix a date for defendant's voluntary appearance at any time within the 10 days. In our opinion there is nothing in the act justifying this construction. The language of the act appears to be clear that defendant is given a full 10 days within which to appear voluntarily, and that no warrant can be issued for his arrest until after the 10 days have fully elapsed without his appearing. If there were any doubt in the first clause relating to the notice to appear within 10 days, that doubt is certainly removed by the following sentence, to the effect that if he shall not appear within 10 days of the date of the notice, "the warrant shall *then* issue". That phrase is clearly equivalent to saying that no warrant shall issue unless defendant fails to appear for 10 full days after the date of the notice. He

had a right, if he chose, to appear on the 10th day. Were it otherwise, the justice of the peace might arbitrarily fix the first day after the date of the notice for defendant's appearance which would be just as much "within ten days" as five or eight days would be. In other words, that construction would enable the justice of the peace, at his pleasure, to nullify the privilege and benefit granted a defendant by the act. There is certainly nothing in the act to justify the conclusion that the legislature contemplated the placing of such an absolute and arbitrary power in the hands of the justice of the peace. The notice in this case does not even permit defendant to appear before or after the fifth day arbitrarily selected by the justice.

It appears to us to be clear that it was the intention of the legislature to relieve or protect defendants from the ignominy, embarrassment, and expense of an arrest for a comparatively trifling offense without first affording defendant ample time and opportunity to appear voluntarily for a hearing or to give bail. The provision is entirely reasonable and just, and if the act were properly drawn it need not cause any great inconvenience to the legal authorities. It is true that the act is vague as to what the proceedings shall be if defendant voluntarily, and perhaps unexpectedly, appears within the 10 days. However, this defect does not change the manifest intention of the act in allowing the 10 days for his appearance.

At the hearing on November 29, 1939, the court, misapprehending the nature of the proceeding, made the following order: "Appeal sustained and defendant discharged". Now, February 5, 1940, for the reasons above stated, the said order of November 29, 1939, is amended so as to read as follows:

"November 29, 1939, the motion for judgment in favor of defendant and for dismissal of the proceedings is hereby allowed, and judgment is hereby entered for defendant".